### St. Louis Southwestern Railway Company v. M. L. Buckner.

#### Decided November 23, 1905.

**Shipment of Live Stock—Injury—Evidence—Charge.**

A horse was shipped over several lines of railroad, all of which were made defendants. The plaintiff plead aggravation of the injury received on one road, by delay on another, but there was no evidence of aggravation by such delay. The court charged the jury that they should find against the company on whose line the injury occurred. Held, that the charge was not subject to the objection that it put upon the road, on which the horse was actually injured, the consequences of delay on the other road.

Appeal from the County Court of Smith County. Tried below before Hon. S. A. Lindsey.

*S. H. West, Marsh & McIlwaine* and *J. S. McIlwaine,* for appellant. —The court erred in that part of its main charge wherein it charged the jury as follows: "If you find for the plaintiff, you will find against the defendant company upon whose railroad the car was when the injury occurred." Gulf, C. & S. F. Ry. v. Lee, 65 S. W. Rep., 54; International & G. N. Ry. v. Young, 72 S. W. Rep., 68; Fort Worth & D. C. Ry. v. McAnulty, 7 Texas Civ. App., 321; Fort Worth & D. C. Ry. v. Williams, 77 Texas, 121; Hunter v. Southern Pac. Ry., 76 Texas, 195; Gulf, C. & S. F. Ry. v. Baird, 75 Texas, 256; St. Louis & S. W. Ry. v. Vaughan, 41 S. W. Rep., 415; Texas & Pac. Ry. v. Llano Livestock Co., 33 S. W. Rep., 748.

*H. G. Robertson, Sawnie Robertson* and *Robertson & Robertson,* for appellee.—It is not proper for the court to charge upon an issue made by the pleadings but not raised by the evidence, and, as in this case there was no evidence to show that any damage was done on the St. Louis Southwestern Railway Company of Texas or the St. Louis, Iron Mountain & Southern Railway Company, a charge on apportionment of damages would have been not only unnecessary, but positive error.

Dodd v. Arnold, 28 Texas, 97; Loving v. Dixon, 56 Texas, 75; Galveston, H. & S. A. Ry. v. Seligman, 23 S. W. Rep., 298; Houston & T. C. Ry. v. Tierney, 72 Texas, 312; Texas & Pac. Ry. v. Moore, 27 S. W. Rep., 965; St. Louis & S. W. Ry. v. Caseday, 40 S. W. Rep., 199.

GILL, CHIEF JUSTICE.—M. L. Buckner sued the St. Louis Southwestern Railway Company of Texas, the St. Louis, Iron Mountain & Southern Railway Company and the St. Louis Southwestern Railroad Company, to recover for injuries sustained by a horse belonging to him during its shipment over appellants' lines from Memphis to Dallas.

The defendants answered by general denial, and each filed a sworn denial of partnership. Each also pleaded that the alleged injury did not occur on its own line, and other defenses not necessary to be here considered.

A trial by jury resulted in a verdict and judgment for plaintiff for $487.50 against the appellant, and the Iron Mountain Company and the St. Louis Southwestern Company of Texas were discharged with their costs, and the case is here on the appeal of the defendant cast in the lower court.

The plaintiff shipped a horse from Memphis, Tennessee, to Dallas, Texas. The bill of lading, which routed the shipment over the three lines above named, stipulated that each company should be responsible only for damages occurring on its line.

While the car was in charge of appellant the horse injured one of his legs through a defect in the car door. The defect was one which appellant should have discovered and repaired. The horse was attended by his keeper, who testified when and where and how the injury occurred.

The plaintiff also claimed that the injuries were exaggerated by a negligent delay of twenty-four hours, which occurred on the line of the St. Louis Southwestern Railway Company of Texas, near Dallas, Texas. The delay was shown to have occurred, but there is no evidence that it had any injurious effect on the horse. The keeper was with him and was ministering to his wounds.

Appellant complains that the court erred in charging the jury that they should find damages against the company on whose line the injury occurred.

The point made is that it put upon the appellant not only the natural consequences of the injury, but such aggravation as was subsequently caused by the delay of the Texas Company.

The objection is without merit, because there was no evidence of any damage due to the delay.

The judgment should be affirmed, and it is so ordered.

*Affirmed.*